## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| KATHERINE MORRISSETTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV. A. NO. 21-0143-TFM-MU |
| | ) | |
| BP EXPLORATION & PRODUCTION, INC., et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| KATHERINE MORRISSETTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV. A. NO. 22-0403-JB-MU |
| | ) | |
| BP EXPLORATION & PRODUCTION, INC., et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| KATHERINE MORRISSETTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV. A. NO. 23-0447-KD-MU |
| | ) | |
| BP EXPLORATION & PRODUCTION, INC., et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

### **ORDER**

On February 5, 2024, Plaintiff filed an Unopposed Motion to Lift Stay and Consolidate Actions seeking to lift the stays in 21-143 and 22-403 and to consolidate

those two actions with 23-447. (Doc. 36 in Civil Action No. 21-0143-TFM-MU). For the reasons set forth below, Plaintiff's motion is **GRANTED.**

## PROCEDURAL BACKGROUND

On November 20, 2020, Plaintiff, a *Deepwater Horizon* oil spill clean-up worker, filed her first case in the Eastern District of Louisiana against the BP Defendants, alleging that, as a result of her exposure to and contact with oil, other hydrocarbons, chemical dispersants, and other toxic substances, she was diagnosed with Chronic Bronchitis on May 5, 2017 and with Chronic Dry Eye Syndrome of Bilateral Lacrimal Glands and Unspecified Conjunctivitis on October 19, 2017. (Civil Action No. 21-143-TFM-MU, Doc. 1). After some initial matters were addressed in the Eastern District of Louisiana, Plaintiff's action was transferred to this Court on March 26, 2021. (*Id.,* Docs. 8, 9). On October 21, 2021, the parties filed a joint motion to stay all CMO deadlines so Plaintiff could satisfy the procedural requirements to bring a second BELO claim for two new claimed medical conditions, Moderate Restrictive Lung Disease and reactive Airway Dz/Asthma, which Plaintiff claims she was diagnosed with on October 19, 2021. (*Id.,* Doc. 18). The Court granted the motion to stay on October 22, 2021. (*Id.,* Doc. 20).

On June 10, 2022, Plaintiff filed a new complaint against the BP Defendants alleging her newly claimed conditions in the Eastern District of Louisiana. (Doc. 1 in Civil Action No. 22-0403-JB-MU). Her second complaint was transferred to this Court on October 13, 2022. (*Id.,* Docs. 6, 7). On January 6, 2023, Plaintiff filed an unopposed motion to stay all CMO deadlines in the second case so Plaintiff could satisfy the procedural requirements to bring a third BELO claim for a new claimed medical

2

condition, Neurodermatitis, which Plaintiff claims she was diagnosed with on September 25, 2020. (*Id.,* Doc. 16). The Court granted the motion to stay on January 6, 2023. (*Id.,* Doc. 17).

On July 21, 2023, Plaintiff filed her third complaint alleging her newly claimed condition, Neurodermatitis, in the Eastern District of Louisiana. (Doc. 1 in Civil Action No. 23-0447-KD-MU). Her third complaint was transferred to this Court on November 28, 2023. (*Id.,* Docs. 6, 7).

Plaintiff filed her unopposed motion to lift the stays in 21-143-TFM-MU and 22-403-JB-MU and to consolidate the three actions pending in this Court on February 5, 2024. (Doc. 36 in Civil Action No. 21-0143-TFM-MU).

## **DISCUSSION**

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(1)-(3). In *Young v. City of Augusta,* 59 F.3d 1160 (1995), the Eleventh Circuit explained that consolidation pursuant to Rule 42(a) "is permissive and vests a purely discretionary power in the district court." *Id*. at 1168 (internal quotation marks and citations omitted).

> In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated. Actions that involve the same parties are apt candidates for consolidation . . . [and] consolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events

3

>or facts. Identity of the parties is not a prerequisite; to the contrary, [c]ases may be consolidated even where certain defendants are named in only one of the complaints. Ultimately, district courts in this Circuit have been encouraged . . . to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion.

*American Family Home Ins. Co. v. Hillery*, Civ. A. Nos. 08-0547-WS-C, 09-0022-WS-N, 2009 WL 2711901, *2 (S.D. Ala. July 20, 2009) (internal quotations marks and citations omitted); *see also Eghnayem v. Boston Scientific Corp.,* 873 F.3d 1304, 1313 (11th Cir. 2017) ("In exercising its considerable discretion, the trial court is obliged to consider: 'Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple lawsuits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.'").

     An examination of these actions confirms that there are numerous common questions of law and fact; that consolidation would promote the interests of judicial economy, convenience, and efficiency; and that consolidation would not appear likely to result in any substantial countervailing delay, inconvenience, prejudice or expense for the Court or the parties. For instance, the underlying facts in both cases are essentially the same as they involve Plaintiff's exposure to oil, other hydrocarbons, dispersants, and other substances released due to the *Deepwater Horizon* oil spill or response activities and then her subsequent development of LMPCs/injuries. The pivotal legal question is whether Plaintiff's purported injuries/LMPCs were legally caused by her exposure to oil, other hydrocarbons, dispersants, and other substances released due to

the oil spill or response activities (or both). In addition, the parties are the same and similar damages are sought in all three cases. Finally, there will be little, if any, inconvenience, delay, or additional expense caused by consolidation since the first two filed actions were stayed in anticipation of consolidation with the most recently filed action.

For the foregoing reasons, and because the Plaintiff's motions to consolidate are unopposed, the Court exercises its discretion in favor of consolidating these actions, pursuant to Rule 42(a), for all purposes, including discovery and trial. Therefore, Plaintiff's motion is hereby **GRANTED,** the stays previously entered in Civil Action No. 22-0403-JB-MU and in Civil Action No. 23-0447-KD-MU are **LIFTED**, and Civil Action Nos. 21-143-TFM-MU, 22-0403-JB-MU, and 23-0447-KD-MU are hereby **CONSOLIDATED,** as further set forth below.

The Clerk of Court is hereby directed to extract documents 1 through 36 from Civil Action No. 21-0143-TFM-MU and documents 1 through 19 from Civil Action No. 22-0403-JB-MU and to make those documents a part of the court file in Civil Action No. 23-0447-KD-MU.[1] The Court finds that there is no reason to maintain Civil Action Nos. 21-0143-TFM-MU and 22-403-JB-MU as open files. *See Medina v. United Christian Evangelistic Ass'n*, No. 08-22111-CIV, 2009 WL 3161654, *2 (S.D. Fla. Sept. 29, 2009) ("Where two or more actions are consolidated 'for all purposes' they are thereafter

---

[1] The undersigned finds that it is appropriate to proceed under the later-filed case in CA 23-0447-KD-MU, given that the BELO CMO and the order modifying the BELO CMO were just issued in that case on November 28, 2023. (Docs. 9 & 10 in CA 23-0447-KD-MU).

treated as a single, unified case."). The Clerk of Court is **DIRECTED** to submit a JS-6 to the Administrative Office which indicates that these cases are statistically closed and, thus, removed from the pending docket of this Court. *See, e.g., Chambers v. Cooney*, Civ. A. Nos. 07-0373-WS-B, 07-0716-WS-B, 2007 WL 3287364, *3 (S.D. Ala. Nov. 2, 2007) (emphasis in original). Because the earlier cases are closed, the parties are **ORDERED** *not* to include the caption of 21-0143-TFM-MU or 22-0403-JB-MU in any future filings, and they are *not* to file any pleadings directly in either of those cases. Rather, all future filings in these consolidated proceedings should be made exclusively in 23-0447-KD-MU.

    **DONE** and **ORDERED** this the **8th** day of **February, 2024**.

                                     s/P. Bradley Murray
                                   **UNITED STATES MAGISTRATE JUDGE**